**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Timothy H. Cooper,

          Plaintiff,

   v.

City of Westerville, Ohio, et al.,

          Defendants.

Case No. 2:13-cv-427

Judge Graham

<u>OPINION AND ORDER</u>

     Plaintiff Timothy Cooper brings this action pursuant to 42 U.S.C. §1983 against defendants the City of Westerville, Ohio and three of its employees, David Collinsworth, City Manager; Julie Colley, Assistant City Manager; and Jason Bechtold, Economic Development Administrator for the City of Westerville. Cooper alleges that defendants wrongfully terminated a commercial real estate tax abatement in violation of his equal protection rights under the Fourteenth Amendment and his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. Cooper further alleges that defendants' retention of certain payments that he made in lieu of property taxes constitutes unjust enrichment under Ohio law.

     This matter is before the Court on defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons that follow, the defendants' motion is granted as to the §1983 claim, and the Court declines to exercise supplemental jurisdiction over the remaining state law claim.

**I.      Background**

     In July 2004, Office Park LLC ("Office Park") entered into a Community Reinvestment Area Agreement ("CRAA") with the City of Westerville in which the city agreed to issue a 50% real estate tax abatement to Office Park for its construction of two commercial condominiums located at 612 Office Parkway, Westerville, Ohio 43082 ("Property"). The terms of the CRAA required Office Park to make payments in lieu of taxes, also known as "PILOT" fees, to the City of Westerville in order to keep the tax abatement.

Cooper alleges that he became interested in purchasing the Property and that while negotiating the purchase of the Property with Office Park, Office Park used the 50% tax abatement to influence Cooper's ultimate decision to make the purchase. Further, Cooper alleges that Office Park failed to disclose to him the terms and conditions of the CRAA; specifically, the required payments of PILOT fees to the City of Westerville in order to keep the real estate tax abatement. As such, Cooper claims that Office Park did "entice, persuade and induce" him to purchase the property when it represented and promised that he would receive the real estate tax abatement, just as Office Park had, upon closing. Compl. at ¶ 18. Office Park is not a party to the present action.[1]

Cooper signed the purchase agreement with Office Park for the Property on January 26, 2005 and the sale closed on August 18, 2005. *Id*. at ¶¶ 10, 11. Cooper and Office Park did not enter into any agreement or contract for the assignment or assumption of any obligations that Office Park held under the CRAA with the City. *Id*. at ¶ 8.

Cooper alleges that shortly after the closing he began receiving invoices from defendants for unpaid PILOT fees. *Id*. at ¶ 13. Though maintaining that he did not owe such fees, Cooper paid the City of Westerville $3,028.27, $151.41, $2,225.49, and $111.27 (totaling $5516.44) for unpaid PILOT fees on June 14, 2007. *Id*. at ¶ 15.

On May 7, 2010, defendants sent a letter to the Delaware County Auditor requesting that it terminate the real estate tax abatement for Cooper's Property for the 2007, 2008 and 2009 tax years. Compl. at ¶ 21; Defs.' Mot. for J. on the Pleadings, Doc. 14-2.[2] Defendants also took the

---

[1]     Cooper filed a separate lawsuit on June 11, 2012 against Office Park LLC in the Delaware County Court of Common Pleas. *See Tim Cooper v. Office Park*, *LLC*, Case No. 12 CVC-06-0661 (Del. Cnty. Ct. C.P.). A court may take judicial notice of prior proceedings of closely related cases without converting a Rule 12(b)(6) motion to a motion for summary judgment. *Lasmer Indus.*, *Inc. v. AM Gen.*, *LLC*, 741 F. Supp. 2d 829, 843 n. 5 (S.D. Ohio 2010).

[2]     Both Cooper's complaint and defendants' answer fail to include the date on which the defendants contacted the Delaware County Auditor to request termination of the tax abatement on Cooper's property. Rather, Cooper alleges that defendants "made communications with government officials of Delaware County, Ohio with the purpose and intent of ending the real estate tax abatement," and that as a result of those communications, "Delaware County did end the real estate tax abatement…" on Cooper's property. Compl. at ¶¶ 21, 22. Attached to defendants' present motion is a certified copy of a letter dated May 7, 2010, from the City of Westerville's Law Director to the Delaware County Auditor, requesting that it terminate the tax abatement on Cooper's property. Cooper, in his memorandum contra, references that

position that the 2007 PILOT fees Cooper paid were instead delinquent real property taxes. *Id*. Complying with defendants' request, Delaware County officials terminated the real estate tax abatement for Cooper's Property. Compl. at ¶ 22.

Cooper first filed a complaint on June 23, 2011 in the Delaware County Court of Common Pleas, asserting violations of 42 U.S.C. §1983 and various state law claims. *Cooper v. City of Westerville*, *et al.*, Case No. 11CVH06-0735 (Del. Cnty. Ct. C.P.. Named as defendants in that complaint were the City of Westerville, Office Park LLC and The Commercial Savings Bank. The City of Westerville removed the action to this Court on July 18, 2011. *See Cooper v. City of Westerville*, Case No. 2:11-cv-638 (S.D. Ohio). Specifically, Cooper's complaint alleged that the City and defendant John Doe City Official, in violation of 42 U.S.C. §1983 "acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right not to be deprived of property without due process of law; and b) the right to just compensation for the taking of property." Compl. in Case No. 2:11-cv-638 at ¶ 20.

---

communication and acknowledges May 7, 2010 as the date on which defendants made communications with Delaware County officials to terminate the tax abatement on his property. Pl.'s Mem. in Opp'n at p. 8.

"[W]hen a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment. *Commercial Money Ctr.*, *Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335−36 (6th Cir. 2007). Though the complaint did not expressly identify the "communications" by defendants with the Delaware County Auditor as being the May 7, 2010 letter, Cooper agrees in his memorandum in opposition that the May 7, 2010 letter is the communication that the City made to Delaware County for the purpose of terminating the tax abatement. Pl.'s Mem. in Opp'n at p. 8. Additionally, defendants admit in their answer the allegations contained in paragraphs 21 and 22 of the complaint that defendants contacted the Delaware County Auditor to request that the tax abatement be terminated. Finally, the May 7, 2010 letter is "integral" to Cooper's claim as it identifies the date Cooper alleges that defendants wrongfully caused Delaware County to revoke his tax abatement, thus constituting the factual foundation underlying his §1983 claim. Because this communication is integral to his claim and because the parties agree on the issue in their respective briefs, the Court will consider the letter for the purpose of establishing May 7, 2010 to be the date of defendants' alleged wrongful conduct that caused injury to Cooper.

On August 10, 2011, Cooper filed two motions in his first lawsuit. First, Cooper sought leave to amend his complaint under Rule 15 of the Federal Rules of Civil Procedure to remove the §1983 claim and to add state law claims. Cooper's second motion requested the Court to remand the action back to the Delaware County Court of Common Pleas.

The magistrate judge granted Cooper's motion for leave to amend his complaint on September 7, 2011. On September 29, 2011, this Court granted Cooper's motion to remand and ordered the case remanded to the Delaware County Court of Common Pleas. On April 18, 2012, Cooper voluntarily dismissed his remaining state law claims against the defendants.

On April 17, 2013, Cooper filed the instant action in the Franklin County Court of Common Pleas asserting a §1983 claim against the City of Westerville and three of its officials. *Cooper v. City of Westerville*, *et al.*, Case No. 13CV04-4293 (Franklin Cnty. Ct. C.P.). Defendants removed the case to this Court on May 3, 2013 on the basis of federal question jurisdiction.

In Count I of the complaint, Cooper asserts a claim under 42 U.S.C. §1983 alleging that when defendants acted to terminate the tax abatement on his property it deprived him of various constitutional rights under the Fifth and Fourteenth Amendments including "1) the right to freedom of contract, 2) the right not to be assessed and subjected to collection activity for a debt he did not owe, 3) the right not to have an alleged civil debt converted into a tax and then reported as a delinquent tax, and 4) the right not to be deprived of property without due process of law." Compl. at ¶ 28. In Count II, Cooper alleges that the City was unjustly enriched by his June 14, 2007 payment of $5,516.44 for PILOT fees that he did not owe. *Id*. at ¶ 36.

Defendants have moved for judgment on the pleadings as to both counts. Defendants argue that the §1983 claim is barred by the statute of limitations and that the unjust enrichment claim fails to state a claim for relief.

## II.     Standard of Review

Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss under Rule 12(b)(6). *See Warrior Sports*, *Inc. v. National Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is

nevertheless clearly entitled to judgment." *JPMorgan Chase Bank*, *N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr.*, *Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride*, *Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In considering a motion for judgment on the pleadings, the court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached as exhibits. Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 7(a) (defining "pleadings" to include both the complaint and the answer); *Hous. Auth. Risk Retention Group*, *Inc. v. Chicago Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004). While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany–Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

III.    **Discussion**

   A.    **Section 1983 Claims**

      1.    **Statute of Limitations**

The applicable statute of limitations for 42 U.S.C. § 1983 claims arising in Ohio requires that claims be filed within two years of their accrual. *Huntsman v. Perry Local Sch. Bd. of Educ.*,

379 F. App'x 456, 461 (6th Cir. 2010) (citing *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995)).

In actions brought under 42 U.S.C. § 1983, the statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). In Cooper's complaint, May 7, 2010 is the latest date for which he makes a factual allegation upon which his §1983 theory of relief rests. It is on this date that the City made a communication to the Delaware County Auditor's Office to request the termination of the real estate tax abatement on Cooper's Property. Compl. at ¶ 22; Pl.'s Mem. in Opp'n at p. 8.

Thus on its face, it appears that Cooper's §1983 claims, filed in state court on April 17, 2013, are in fact time-barred by the two-year statute of limitations.  Cooper, however, argues that his §1983 claims are not time-barred for two reasons—the Ohio Savings Statute and the "Continuous Violations" doctrine, which are addressed below.

### 2. Ohio's Savings Statute

Cooper asserts that this action is a re-filing of his first complaint against defendants; Cooper filed that complaint on June 23, 2011 in the Delaware County Court of Common Pleas. After defendants removed the action to this Court, Cooper amended his complaint and withdrew the §1983 claims against the defendants on September 7, 2011. Cooper then moved, unopposed, to remand the case back to the Delaware County Court of Common Pleas where on April 18, 2012, he voluntarily dismissed the remaining state law claims against the defendants.

As such, Cooper contends that the present action falls within the provisions of Ohio's Savings Statute, O.R.C. § 2305.19, tolling the otherwise two-year statute of limitations for claims arising under 42 U.S.C. §1983. Defendants assert that the §1983 claims are in fact time-barred and that the provisions of Ohio's Savings Statute are inapplicable to the Cooper's case.

Ohio's Savings Statute permits a party to re-file an action within one year of the date of the voluntary dismissal. Ohio's Savings Statute provides in pertinent part:

Saving in case of reversal or failure otherwise than upon merits.

(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one

year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

O.R.C. § 2305.19(A).

"When the statute of limitations is borrowed from state law, so too are the state's tolling provisions, except when they are 'inconsistent with the federal policy underlying the cause of action under consideration.' " *Bishop v. Children*'*s Ctr. for Dev. Enrichment*, 618 F.3d 533, 537 (6th Cir. 2010) (quoting *Bd. of Regents v. Tomanio*, 446 U.S. 478, 485 (1980)). "The savings statute ... applies to save a plaintiff's action otherwise barred by the statute of limitations ... so that controversies are decided upon important substantive questions rather than upon technicalities of procedure." *Stone v. N. Star Steel Co.*, 152 Ohio App.3d 29, 34–35, 786 N.E.2d 508 (Ohio Ct. App. 2003) (citing *Kinney v. Ohio Dep*'*t of Admin. Serv.*, 30 Ohio App.3d 123, 126, 507 N.E.2d 402 (Ohio Ct. App. 1986)).

Thus, to fall under the provisions of Ohio's Savings Statute, plaintiff's claims must have 1) failed otherwise than upon the merits, and 2) plaintiff must have re-filed those claims either within one year of the date of such failure *or* within the period of the original statute of limitations, whichever occurs last. *See* O.R.C. § 2305.19.

A plaintiff's voluntary dismissal of a claim constitutes a failure "otherwise than on the merits" for the purposes of Ohio's Savings Statute. *Costell v. Toledo Hosp.*, 38 Ohio St.3d 221, 223, 527 N.E.2d 858, 859 (1988). Ohio's Savings Statute's one-year time period for re-filing begins on the date the plaintiff provides notice of voluntary dismissal of the original action. *Payton v. Rehberg*, 119 Ohio App. 3d 183, 190, 694 N.E.2d 1379, 1384–85 (Ohio Ct. App. 1997). In the prior case, Cooper's only official notice of voluntarily dismissal of his claims against the defendants occurred on April 18, 2012 while the case was before the Delaware County Court of Common Pleas. However, because Cooper previously amended his complaint in this Court on September 7, 2011 to remove the §1983 claim, his April 18, 2012 voluntary dismissal was only of the remaining state law claims.

The issue, therefore, is when Cooper amended his complaint to remove the §1983 claims, did he "voluntarily dismiss" those claims, thus constituting a "failure otherwise than upon the merits." Stated differently, the issue is whether, for purposes of Ohio's Savings Statute, a Rule

15 amendment eliminating a claim has the same procedural effect as a motion for voluntary dismissal under Rule 41. As explained below, the Court finds that it does and that Cooper's amendment under Rule 15, in which he dropped his §1983 federal claim against defendants, is properly construed as a voluntary dismissal under Rule 41.

"[W]hen a plaintiff 'seeks the equivalent of a voluntary dismissal through some other procedural device, the court may treat the application as if made under Rule 41(a)(2)." *Dzwonkowski v. Dzwonkowski*, Case No. 05-0544-KD-C, 2008 WL 2163916, at *12 n. 14 (S.D. Ala. May 16, 2008) *aff'd in part*, *dismissed in part*, 298 F. App'x 885 (11th Cir. 2008). In *Dzwonkowski*, the court held that "the operative effect of [plaintiff's] wholesale amendments to [his] Original Complaint and First Amended Complaint – through which he dropped *ALL* of his civil rights claims – was that of voluntarily dismissing those claims." *Id*. at *12 (emphasis in original). Likewise, in *AeroTech*, *Inc. v. Estes*, the court affirmed a magistrate's treatment of the plaintiff's request to amend its complaint under Rule 15, for the purpose of dropping two federal claims, as a motion for voluntary dismissal governed by Rule 41(a)(2). 110 F.3d 1523, 1526 (10th Cir. 1997).

"An amendment pursuant to Rule 15 that eliminates (or proposes to eliminate) all causes of action against a particular defendant is the same as a motion to dismiss under Rule 41(a)(2) as to that defendant." *Dee–K Enterprises*, *Inc. v. Heveafil Sdn. Bhd.*, 177 F.R.D. 351, 355 (E.D. Va. 1998); *see also Braswell v. Invacare Corp.*, 760 F. Supp. 2d 679, 682–83 (S.D. Miss. 2010) (finding plaintiff's motion to amend complaint, in which she dropped a particular defendant from the action, was appropriately considered as a voluntarily dismissal in accordance with Rule 41(a)(2)); *Chambers v. Time Warner*, *Inc.*, No. 00 Civ. 2839, 2003 WL 1107790, at *2 (S.D.N.Y. Mar. 12, 2003) ("[A] Rule 15(a) amendment eliminating a claim is the same as a Rule 41(a) voluntary dismissal of a claim."). In *Alternatives Unlimited-Special*, *Inc. v. Ohio Dep't of Educ.*, the court held that a plaintiff's Ohio R. Civ. P. 15(A) amendment to its complaint, made for the purpose of removing certain claims, coupled with the request that the amendment would result in a dismissal without prejudice, was a "failure otherwise than upon the merits," for the purposes of Ohio's Savings Statue. 2010-Ohio-1226, 2010 WL 1139209, at *6 (Ohio Ct. App. Mar. 25, 2010).

The Court finds the above cases persuasive. Therefore, Cooper's September 7, 2011 amendment under Rule 15, in which he dropped all his §1983 federal claims against defendants,

is properly construed as a voluntary dismissal under Rule 41. It is on this date that Cooper's §1983 claims "failed otherwise than upon the merits." The Ohio Savings Statute required that Cooper re-file his §1983 claims by the later of one year after the failure otherwise than upon the merits, September 7, 2012, or within the original limitations period, May 7, 2012.

Because Cooper re-filed the complaint against the defendants on April 17, 2013, alleging §1983 claims based upon events culminating in the May 7, 2010 communication, those claims are time barred by the statute of limitations and are not saved by Ohio's Savings Statute.

### 3. Continuous Violations Doctrine

Cooper next argues that the constitutional violations continued until 2013 and thus the statute of limitations was tolled under the "continuous violations" doctrine. The Court finds no merit in this argument.

The continuous violations doctrine can apply to § 1983 claims. However, it is fairly limited in the situations to which it applies. A "continuous violation exists if: (1) the defendants engage in continuing wrongful conduct; (2) injury to the plaintiffs accrues continuously; and (3) had the defendants at any time ceased their wrongful conduct, further injury would have been avoided." *Wilder v. Collins*, 2:12-CV-0064, 2012 WL 1606035, at *3 (S.D. Ohio May 8, 2012) (quoting *Hensley v. City of Columbus*, 557 F.3d 693, 697 (6th Cir. 2009)). "A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (internal quotation marks and alteration omitted).

Here, Cooper alleges the "continuous violations" stem from essentially three events. First, when defendants, "acting under color of law, tricked [plaintiff] into paying [defendants] a contractual debt that he did not owe." Pl.'s Mem. in Opp'n at p. 5. This refers to Cooper's payment of PILOT fees in June 2007. Second, when "[defendants] and its officials unlawfully revoked the tax abatement on [plaintiff's] real estate" in May 2010. *Id.* Third, and also in May 2010, when "[defendants]…influenced the Delaware County Auditor…to add the purported contractual debt to [plaintiff's] real estate tax bill as a delinquent real estate tax." *Id.* The Delaware County Auditor then certified the alleged delinquent amount to the Delaware County Treasurer for collection.[3]

---

[3] A bench trial was held on this issue before the Delaware County Court of Common Pleas, in which the court rendered a judgment against Cooper and in favor of the Delaware County

For the purposes of the "continuous violations" doctrine, defendants' alleged wrongful conduct occurred from June 2007 to May 2010, when Cooper alleges (and defendants admit) that at defendants' request, the Delaware County Auditor revoked the real estate tax abatement on Cooper's property. Compl. at ¶ 22.

The continuous injury alleged by Cooper concerns the assessment of the full amount of real estate taxes he would have had to pay absent the 50% tax abatement. Had defendants not made efforts to get the tax abatement revoked in May 2010, Cooper alleges that he would not have been assessed the full amount of real estate taxes for his property. But for the defendants' alleged wrongdoing, the Delaware County Auditor would not have "converted" plaintiff's unpaid PILOT fees into an alleged delinquent real estate tax.

The Court concludes that the continuous violations alleged by Cooper constitute "continuous ill effects" from the original alleged violation in May 2010 and are not a result of "continuing unlawful acts" by defendants. Any alleged acts occurring after May 2010 were committed by a non-party, the Delaware County Auditor, and not the defendants. The "continuous violations" doctrine thus fails to toll the statute of limitations on Cooper's §1983 claims.

Accordingly, Cooper's claims alleging violations of 42 U.S.C. §1983 are barred by the statute of limitations and defendants' motion for judgment on the pleadings is granted as to the §1983 claims.

### B.     Unjust Enrichment

In Count II, Cooper asserts a common law claim for unjust enrichment stemming from his June 2007 payments to defendants of $5516.44 in PILOT fees.

"It is well settled that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction." *Ruckman v. Riebel*, No. 2:11-CV-874, 2012 WL 4057409, at *6 (S.D. Ohio Sept. 14, 2012) (citing *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997)). The Sixth Circuit has recognized that if all federal claims are dismissed before trial, remaining state claims generally should be dismissed or, in cases that have been removed, remanded to state court.

---

Treasurer. *See Cooper v. City of Westerville*, Case No. 11CVH06-0735, 2013 WL 6043743 (Del. Cnty. Ct. C.P. January 22, 2013). Again, a court may take judicial notice of court proceedings of closely related cases without converting a Rule 12(b)(6) motion into a motion for summary judgment. *Lasmer*, 741 F. Supp. 2d at 843 n. 5.

*Savoie v. Martin*, 673 F.3d 488, 495 (6th Cir. 2012); *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007).

Therefore, pursuant to 28 U.S.C. § 1367(c)(3) the Court will decline to exercise supplemental jurisdiction over Cooper's state law unjust enrichment claim.

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** defendants' motion for judgment on the pleadings (Doc. 14) as to the §1983 claims in Count I of the compliant. The Clerk of Court shall remand this action to state court with respect to Count II.


s/ James L. Graham
JAMES L. GRAHAM
United States District Judge


DATE: February 18, 2014